UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shannon Cohen, 310486, | ) | C/A No. 2:09-0707-JFA-RSC |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| Tim Riley, Warden of Tyger River | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Shannon Cohen, is an inmate at the South Carolina Department of Corrections serving a 15-year sentence for trafficking in crack cocaine. He has filed a petition pursuant to 28 U.S.C.§ 2254 alleging, among other things, that his trial counsel was ineffective.

The Magistrate Judge assigned to this action[1] has prepared a detailed Report and Recommendation and opines that the petition is barred because it was not timely filed under the one-year statute of limitations created by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 ("AEDPA"). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on March 27, 2009    Petitioner filed timely objections[2] to the Report . He contends that the date cited in his petition as the date of his conviction was July 28, 2004, when it should have been July 28, 2005. As a result of this "clerical error," petitioner argues that his petition is timely contrary to the Magistrate Judge's recommendation.

The AEDPA provides a one-year statute of limitations period on the filing of a § 2254 action. Subsection (d) of the statute reads:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

2

> (C) The date on which the constitutional right was asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

At the outset, the court would note that the Magistrate Judge used the date of conviction furnished by the petitioner in his initial § 2254 petition in this action. See ¶2(a) and 2(b) of the initial petition, both of which indicate that the correct year is 2004.

Giving the petitioner the benefit of the doubt on what he contends to be a "clerical error," the petition still must be dismissed. Even assuming, without deciding, that the conviction at issue occurred on July 28, 2005, this action was still filed outside of the one-year statute of limitations period. Amending the table on page 4 of the Report, the following periods of untolled time are involved in this case:

> August 8, 2005 - November 17, 2005 (101 days of untolled time)
>
> June 17, 2008 - March 17, 2009 (273 days of untolled time)

These two time frames yield a total of 374 days of untolled time, which exceeds the 365-day or one-year time frame permitted by statute.

In light of the standard set out above, the Court has reviewed, *de novo,* the Report and the objections thereto, the record, and the applicable law. The court agrees with the recommendation of the Magistrate Judge and adopts and incorporates the Report into this order by reference.

It is therefore ordered that the petition is dismissed with prejudice as untimely.

IT IS SO ORDERED.

April 29, 2009  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge